DA 07-0202

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 259N

IN THE MATTER OF

E.K. and D.K.,

Youths in Need of Care.

APPEAL FROM:     District Court of the Eighth Judicial District,
                 In and For the County of Cascade, Cause No. ADJ-2004-217-Y
                 Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Meghan Lulf Sutton, Law Office of Meghan Sutton,
            Great Falls, Montana

            Jim Wheelis, Chief Appellate Defender, Helena, Montana

      For Appellee:

            Hon. Mike McGrath, Attorney General, Jonathan M. Krauss,
            Assistant Attorney General, Helena, Montana

            Brant Light, Cascade County Attorney, Sarah Corbally,
            Deputy Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  September 19, 2007

Decided:  October 9, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      R.K., the natural father of E.K. and D.K., appeals the District Court's order terminating his parental rights.  We affirm.

¶3      The sole issue is whether the District Court abused its discretion in terminating R.K.'s parental rights.

¶4      The District Court terminated R.K.'s parental rights and granted permanent custody of E.K. and D.K. to the Department of Public Health and Human Services (DPHHS) on February 22, 2007.  The District Court concluded that "more than a mere preponderance of evidence" existed showing that R.K. had sexually abused his son, M.K.[1]  The District Court additionally concluded that terminating R.K.'s parental rights would be in the best interests of E.K. and D.K. because they had been in foster care for twenty-two out of the past twenty-two months.

¶5      Montana law allows a court to terminate the parent-child relationship if the court finds, by clear and convincing evidence, that a parent has subjected a child to sexual abuse.  Sections 41-3-609(1)(d) and 41-3-423(2)(a), MCA.  The clear and convincing

---

[1] R.K. is the natural father of four children: M.K., D.K., E.K., and D.K.

evidentiary standard requires a quality of proof that is "more than a mere preponderance but not beyond a reasonable doubt." *In re M.A.L.*, 2006 MT 299, ¶ 52, 334 Mont. 436, ¶ 52, 148 P.3d 606, ¶ 52. Additionally, terminating parental rights is presumed to be in the child's best interest if the child has been under the State's physical custody for fifteen out of the most recent twenty-two months. Section 41-3-604, MCA. We review a district court's decision to terminate parental rights for abuse of discretion. *In re K.C.H.*, 2003 Mont. 125, ¶ 11, 316 Mont. 13, ¶ 11, 68 P.3d 788, ¶ 11. A court abuses its discretion when it acts arbitrarily, without employing conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. *In re K.C.H.*, ¶ 11.

¶6    R.K. asserts that the District Court abused its discretion when it concluded that "clear and convincing" evidence existed establishing that R.K. had sexually abused his son. In this case, the District Court heard expert testimony from a child psychotherapist, Koloni Taylor, that she believed that both E.K. and D.K. had been sexually abused. The District Court heard testimony from a licensed clinical professional counselor, Barbara Bottomly, that M.K. had disclosed to her that R.K. had sexually abused him and his brother, forced him to perform oral sex on R.K., and made M.K. and his brother perform sex acts with each other. Bottomly testified that M.K. consistently referred to his father, R.K., by name when describing the abuse. Additionally, the District Court heard testimony from the Great Falls Police detective who investigated the sexual abuse allegations. Detective John Schaffer testified that he believed there was sufficient evidence to refer the matter to the Cascade County Attorney's office.

¶7      R.K. emphasizes that the State did not criminally charge R.K., "perhaps due to the fact that there was 'not enough evidence to win in court[.]' " R.K. implies that the State should not then be found to have satisfied the clear and convincing standard without more evidence. To prevail in a criminal trial, however, the State must prove a defendant guilty beyond a reasonable doubt. The clear and convincing standard requires less than beyond a reasonable doubt, but more than a mere preponderance of evidence. *In re M.A.L.*, ¶ 52. The District Court found that there was more than a mere preponderance of the evidence that R.K. subjected M.K. to sexual abuse. Having reviewed the record, we conclude that the District Court did not abuse its discretion when it terminated R.K.'s parental rights.

¶8      It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶9      We affirm the judgment of the District Court.

/S/ W. WILLIAM LEAPHART

4

We concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS